IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN DUNN and WENDY DUNN                                           PLAINTIFFS

v.                                  CASE NO. 4:16-CV-00085 BSM

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for CMSI REMIC Series 2008-
02, REMIC Pass-Through Certificates
Series 2008-02                                                       DEFENDANT

## ORDER

Defendant's motion to dismiss [Doc. No. 12] is granted and plaintiffs' complaint

[Doc. No. 1] is dismissed with prejudice.  Plaintiffs' motion to strike [Doc. No. 16] is denied

as moot.

## I.  BACKGROUND

This is the third lawsuit filed by plaintiffs John and Wendy Dunn to void their

February 21, 2008, mortgage and loan, and to enjoin foreclosure.  *See Dunn v. Am. Mortgage*

*Associates, Inc.*, 2015 Ark. App. 358, 1–4 (Ark. Ct. App. 2015) (summarizing prior lawsuits).

In the first case, plaintiffs sued American Mortgage Association, Inc. (the original

lender), Citimortgage, Inc. (who was assigned the loan), and Wilson and Associates, PLLC

(the law firm that initiated foreclosure proceedings), claiming that American Mortgage

Associates failed to provide disclosures as required by the Truth in Lending Act ("TILA"),

15 U.S.C. § 1635. *See John F. Dunn and Wendy Dunn v. American Mortgage Associates, et*

*al.*, Case No. CV-2010-310 (Pulaski Cnty. Cir. Ct., Ark.).   Plaintiffs sought to enjoin

foreclosure and a declaration that the mortgage and loan were void.  The state court granted

summary judgment to the defendants and found that plaintiffs were provided the disclosures.

While the first case was underway, plaintiffs filed a second case alleging that American Mortgage Association failed to provide terms of financing disclosures as TILA required. *See John Dunn and Wendy Dunn v. Mortgage Electronic Registration Systems, Inc. et al.*, Case No. 60CV-13-102 (Pulaski Cnty. Cir. Ct., Ark.). As in the first case, plaintiffs sought to enjoin foreclosure and a declaration that the mortgage and loan were void. The state court dismissed the claims, holding that *res judicata* and collateral estoppel barred re-litigating substantially similar claims involving the same obligations.

Plaintiffs bring this third case concerning the same obligations seeking an order requiring defendant to: (1) return the cancelled original note; (2) file the documents required to release any encumbrance or lien on the property; and (3) repay the money received from plaintiffs. Complaint 7, Doc. No. 1. Plaintiffs argue that this relief is appropriate because defendant failed to respond to their TILA-compliant notice of recission on April 21, 2009. *Id.* ¶¶ 23–24. Essentially, plaintiffs claim that TILA required defendant to respond, and since the defendant failed to do so, plaintiffs can bring this lawsuit. *Id.* ¶ 23. Defendant moves to dismiss. *See* Doc. No. 12.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*,

556 U.S. 662, 663 (2009).  Although detailed factual allegations are not required, threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, are

insufficient.  *Id.*   In ruling on a 12(b)(6) motion to dismiss, materials embraced by the

pleadings, as well as exhibits attached to the pleadings and matters of public record, may all

be considered.  *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

### III.  DISCUSSION

Defendant's motion to dismiss is granted because TILA provides no relief for

plaintiffs simply because defendant failed to respond to the notice of rescission.  Indeed,

plaintiffs had no right to rescind at the time they delivered the April 2009 rescission notice

and therefore nothing in the statute required defendant to respond.

As an initial matter, plaintiffs had no right to rescind at the time they delivered the

rescission notice.  The right to rescind arises under 15 U.S.C. § 1635.  An obligor has an

unconditional right to rescind within three days after a loan is consummated.  15 U.S.C. §

1635(a).  If the required forms and disclosures are not provided during the transaction, this

three day period is extended to three years.  *Id.* § 1635(f).  This three-year extension is not

applicable, however, because the binding state court judgments established that plaintiffs

received the required disclosures.  Therefore, when plaintiffs delivered their notice of

rescission in April 2009, more than one year after loan consummation, the three-day window

to exercise the right to rescind had long since closed.

Despite having no right to rescind, plaintiffs interpret 15 U.S.C. § 1635(b) and the

Supreme Court's ruling in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), as requiring a response to an invalid rescission notice. These interpretations are rejected.

Nothing in subsection 1635(b) required defendant to respond to plaintiffs' April 2009 rescission notice. The statute merely provides:

> Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b). Plaintiffs ignore the opening sentence of the provision, which makes the subsection applicable "[w]hen an obligator exercises his right to rescind." *Id.* Since plaintiffs had no right to rescind, section 1635(b) does not apply. Moreover, nothing suggests that defendant was required to file a complaint or other legal action to counter plaintiffs' notice of rescission.

Even when *Jesinoski* is read broadly, the opinion does not provide a cause of action simply because the defendant failed to respond to a notice of rescission. In *Jesinoski,* the Supreme Court held that a borrower is not required to file a lawsuit to exercise his right to rescind, but the borrower "need only provide written notice to a lender in order to exercise his right to rescind." *Jesinoski,* 135 S.Ct. at 793. *Jesinoski* does not apply here because neither party is contesting plaintiffs' method of rescission. The issue is whether plaintiffs had the right to rescind and if they did not, whether they could manufacture that right by merely sending a rescission notice. It cannot be reasonably disputed that plaintiffs delivered their rescission notice outside of the three-day window, and plaintiffs have provided no law

suggesting how TILA permits them to circumvent the statute  and force a rescission when they had no right to do so in the first place.

## IV.  CONCLUSION

For the reasons set forth above, defendants's motion to dismiss [Doc. No. 12] is granted and plaintiffs' complaint [Doc. No. 1] is dismissed with prejudice. Plaintiffs' motion to strike defendants' affirmative defenses [Doc. No. 16] is denied as moot.

IT IS SO ORDERED this 4th day of October 2016.

_____
UNITED STATES DISTRICT JUDGE